UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stephen Doherty, individually & as P/N/G of Jacob Doherty, & as executor/personal representative of the Estate of Judith Lubeck-Doherty 3662 Lancaster Drive Doylestown, PA 18902 | : : : : : : : | |
| Plaintiffs v. | : : : | CIVIL ACTION NO.: 11-1513 |
| First Colony Life Ins. Co. 700 Main Street Lynchburg, VA 24505 | : : : : | |
| | : | **JURY TRIAL DEMANDED** |
| And | : : | |
| Genworth Life and Annuity Ins. Co. 6620 West Broad Street Richmond, VA 23230 | : : : : | |
| And | : : | |
| General American Life Ins. Co. 200 Park Avenue New York, NY | : : : : | |
| And | : : | |
| Glen R. Golish 22261 Hollyhock Trail Boca Raton, FL 33433 | : : : : | |
| And | : : | |
| Golish Financial Group, LLC 7700 West Camino Real, Suite 108 Boca Raton, FL 33433 | : : : : | |
| And | : | |

|                                    |   |
|---|---|
|                                    | : |
| Joshua Lubeck                      | : |
| 620 W. Vernon Avenue               | : |
| Linwood, NJ 08221                  | : |
|                                    | : |
|                   Defendants       | : |

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I.   Introduction

1. Defendants are liable to Plaintiffs for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are currently known, upon information and/or belief, and/or will be proven in discovery and/or at trial.

### II.   Jurisdiction and Venue

2. Jurisdiction in this Honorable Court is based on diversity conferred by 28 U.S.C. §1332; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

3. Venue lies in this district in that the events giving rise to this claim occurred here, Plaintiff resides and Defendants does business here, and/or the property which is the subject of this action is situated within this district.

### III.   Parties

4. Plaintiff, Stephen Doherty, is an adult individual and citizen of the Commonwealth of Pennsylvania, at all times material residing at the above-captioned address.

5. Plaintiff, Stephen Doherty, is the parent and natural guardian of their minor child-Plaintiff, Jacob Doherty, which minor child is a citizen of the Commonwealth of Pennsylvania and at all times resides at the above captioned address.

6. At all times material, Stephen Doherty is the executor/personal representative of his deceased wife, Judith Lubeck-Doherty's estate.

7.      Defendant, First Colony Life Insurance Company, is a corporation incorporated under and by virtue of the laws of the Commonwealth of Virginia, maintaining its principal place of business at the above captioned address, at all times material acting as and doing business as an insurance company. Defendant is a citizen of Virginia, and at all times material hereto, conducts business in the Commonwealth of Pennsylvania.

8.      Defendant, Genworth Life & Annuity Insurance Company is a corporation incorporated under and by virtue of the laws of the Commonwealth of Virginia, maintaining its principal place of business at the above captioned address, at all times material acting as and doing business as an insurance company. Defendant is a citizen of Virginia and at all times material hereto, conducts business in the Commonwealth of Pennsylvania.

9.      As of January 1, 2009, Genworth Life & Annuity Insurance Company merged with First Colony Life Insurance Company, and both entities are identified as interested parties on the policy change form, as more fully set forth below.  (Exh. C.)

10.     Defendant, General American Life Insurance Company, is a corporation incorporated under and by virtue of the laws of the State of New York, maintaining a principal place of business at the above captioned address, at all times material acting as and doing business as an insurance company.

11.     At all times material, Defendant, General American Life Insurance Company ("GALIC") issued a life insurance policy which is the subject matter of Plaintiffs' claims as more specifically described below.

12.     At all times material hereto, Defendants, First Colony Life Insurance Company ("First Colony"), Genworth Life & Annuity, Ins. Company ("Genworth") and GALIC derived revenue

from a life insurance policy which is the subject matter of Plaintiffs' claims as more specifically described below.

13. At all times material hereto, First Colony and Genworth acquired an interest in the subject matter insurance policy, as evidenced by Genworth and First Colony's preparation, acceptance and processing of the Policy Change Form which is attached hereto as Exhibit C.

14. Defendant, Glen R. Golish, is an adult individual residing and/or doing business at the above captioned address. Defendant is a citizen of Florida.

15. Defendant, Golish Financial Group, LLC, is a corporation duly organized and existing under the laws of the State of Florida, maintaining a principal place of business at the above captioned address, at all times material proving financial and brokerage services to consumers. Defendant is a citizen of Florida.

16. Defendant, Joshua Lubeck, is an adult individual residing at the above captioned address. Defendant is a citizen of New Jersey.

17. At all times material, individual Defendants were acting individually and/or through their agents, servants, work-persons, and/or employees, respectively, authorized and acting individually and/or within the scope of their authority and course of employment.

    **IV.    Statement of Claims**

18. In or around 1994, Plaintiff was married to Judith Lubeck-Doherty.

19. At all times material hereto, non party, Stanford Lubeck was insured under a $1 million life insurance policy issued by Defendant, GALIC.  (Exh. A).

20. The named beneficiaries of the insurance policy were Stanford Lubeck's children, Judith Lubeck-Doherty and Defendant, Joshua Lubeck.

21. In 1999, Judith Lubeck-Doherty was diagnosed with lung cancer and passed away on October 12, 2001.

22. In her Last Will and Testament, Judith Lubeck-Doherty bequeathed all of her assets to Plaintiffs.

23. At the time of her death, pursuant to her Last Will and Testament, her interest as a beneficiary of Stanford Lubeck's life insurance Policy transferred to Plaintiffs.

24. In May 2005, Defendant, Golish, contacted Plaintiff, Stephen Doherty, and advised that Stanford Lubeck and Josh Lubeck were planning to liquidate the proceeds from the insurance policy and would need Plaintiffs' authorization to do so (as Plaintiffs were effectively beneficiaries under the insurance policy).

25. Stephen Doherty advised that he would consider the request but wanted to know more about the transaction and wanted to review exactly what kind of authorization he was signing.

26. At this time, Plaintiff also knew that the early liquidation of the proceeds, prior to the death of Stanford Lubeck, would seriously reduce the value of the proceeds to be paid out under the policy, and Plaintiff's initial reaction was of refusal.

27. Golish advised that it was possible that if Plaintiff failed to sign the authorization, the insurance policy may lapse (and essentially lose all value). (Exh. B).

28. Ultimately, Plaintiff refused to sign any authorizations towards liquidation.

29. At some time after the death of Plaintiff's wife and without the knowledge of Plaintiff, Defendant Lubeck procured a death certificate from the Commonwealth of Pennsylvania and provided it to Defendants. First Colony, Genworth and GALIC. (Exh. C.)

30. Upon information and belief, Defendants GALIC, First Colony and Genworth transferred the benefits of Stanley Lubeck's life insurance policy to Defendant, Joshua Lubeck, fraudulently,

negligently, and/or without performing proper investigation into the circumstances surrounding transfer of the life insurance benefits.

31. Plaintiffs received no further direct communications with Golish subsequent to that date.

32. On or about May 11, 2009, Stanford Lubeck passed away.

33. At that time, Plaintiff had an expectation that the insurance benefits would vest and, as beneficiary to the policy as a result of his wife's passing, that he would receive the proceeds.

34. Thereafter, Plaintiff discovered that the insurance policy proceeds were not a part of the estate and had been sold without Plaintiff's knowledge or authorization.

35. Plaintiff inquired with Joshua Lubeck via telephone, concerning the status of the life insurance policy, and Defendant Lubeck informed Plaintiff that it had been sold to a third party.

36. Defendant, Lubeck, transferred complete ownership of the insurance policy to himself without authorization from Plaintiffs and without any lawful justification.  (Exh. C).

37. Upon information and belief, Stanford Lubeck never provided written authorization to transfer 100% ownership of the policy to Defendant, Joshua Lubeck.

38. Defendants, GALIC, First Colony and Genworth improperly, negligently and/or without performing adequate investigation into the circumstances surrounding the proceeds of the policy, transferred 100% ownership of the policy to Defendant Lubeck, without consent or authorization from Plaintiffs and without any lawful justification. (Exh. C).

39. Defendants, GALIC, First Colony and Genworth ignored their own policies, procedures and guidelines in transferring 100% ownership of the policy to Defendant Lubeck, without proper authorization from Plaintiffs.

40. Defendants, GALIC, First Colony and Genworth derived financial benefit from the fraudulent policy change executed by Defendant Lubeck.

41.     The foregoing resulted in injuries including, but not limited to: financial losses, including lost opportunities; annoyance, inconvenience, and embarrassment; and such other and further injuries as will be determined in discovery and/or at trial.

## V.     Causes of Action

### COUNT I
### Fraud
*(Plaintiffs v. Golish, Golish Financial and Lubeck)*

42.     Paragraphs 1-41 above are incorporated by reference as if fully set forth at length herein.

43.     Defendants, Golish, Golish Financial and Lubeck misrepresented and/or omitted material facts to Plaintiffs, including the aforesaid (incorporated herein by reference) and as more further described as following but not limited to: (a) the transfer of 100% ownership to Defendant Lubeck, after Defendants had previously refused to do so without the express authorization and consent of Plaintiffs; (b) advising Plaintiff, Stephen Doherty that Defendants required his authorization to transfer interest in the insurance policy and policy proceeds, and subsequently transferring said interests without Plaintiffs' authorization and consent after he refused liquidation of insurance proceeds; (c) submitting the Policy Change form to Defendants First Colony and Genworth with the death certificate of Judith Lubeck-Doherty attached thereto, with the intention of using that document to secure the sole beneficiary status under the insurance policy, with knowledge that Plaintiffs were beneficiaries under the policy, and (d) such other and further material misrepresentations which may be discovered during the course of litigation.

44.     The aforesaid misrepresentations and/or omissions were made in an attempt to procure pecuniary gain.

45.     As the intended result of the aforesaid fraud, Plaintiffs reasonably relied upon said misrepresentations and/or omissions to their great financial detriment.

## COUNT II
### Breach of Contract/Warranty
*(Plaintiffs v. GALIC, First Colony and Genworth)*

46. Paragraphs 1-45 above are incorporated by reference as if fully set forth at length herein.

47. At all times material, Plaintiffs and Defendants, GALIC, First Colony and Genworth were parties to an insurance policy and/or contracts and warranties implied at law, which includes but is not limited to Defendants as third-party beneficiaries to the policy, which Defendants are in breach thereof.

48. At all times material, Defendants were in violation of the covenant of good faith and fair dealing for the reasons aforesaid (incorporated by reference).

49. As a result of the Defendants' breach of contract, Plaintiffs were unable to collect the insurance proceeds they were rightly entitled to, as set forth above.

## COUNT III
### Unfair Trade Practices And Consumer Protection Law ("UTPCPL")
*(Plaintiffs v. Golish, Golish Financial and Lubeck)*

50. Plaintiffs incorporate paragraphs 1-49 above as if fully set forth at length herein.

51. The UTPCPL, 73 P.S. §201-1, et seq., proscribes, *inter alia*, engaging in any "unfair or deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

52. As described above, the actions of Defendants, Golish, Golish Financial and Lubeck constitute unfair or deceptive acts and practices causing the likelihood of confusion or misunderstanding, under the UTPCPL, of which Plaintiffs justifiably relied, additionally including, *inter alia*: (a) the transfer of 100% ownership to Defendant Lubeck, after Defendants had previously refused to do so without the express authorization and consent of Plaintiffs; (b) advising Plaintiff, Stephen Doherty that Defendants required his authorization to transfer interest in the insurance policy and policy proceeds, and subsequently transferring said interests without

Plaintiffs' authorization and consent after he refused liquidation of insurance proceeds; (c) submitting the Policy Change form to Defendants First Colony and Genworth with the death certificate of Judith Lubeck-Doherty attached thereto, with the intention of using that document to secure the sole beneficiary status under the insurance policy, with knowledge that Plaintiffs were beneficiaries under the policy, and (d) such other and further material misrepresentations which may be discovered during the course of litigation.

53. As the intended result of the aforesaid conduct, Plaintiffs reasonably relied upon said misrepresentations and/or omissions to their great financial detriment.

## COUNT IV
### Breach of Fiduciary Duty
*(Plaintiffs v. GALIC, First Colony and Genworth)*

54. Paragraphs 1-53 above are incorporated by reference as if fully set forth at length herein.

55. At all times material, Defendants, GALIC, First Colony and Genworth, breached their fiduciary duties to Plaintiffs, by failing to verify that Plaintiffs were no longer beneficiaries to the life insurance policy and voiding Plaintiffs' status as beneficiaries to the insurance policy, at the direction and behest of Defendant Lubeck.

56. Defendants' breach caused significant financial detriment to Plaintiffs.

## COUNT V
### Conversion
*(Plaintiffs v. Golish, Golish Financial and Lubeck)*

57. Plaintiffs incorporate by reference paragraphs 1 through 56 above as if same was fully set forth at length herein.

58. Defendants, Golish, Golish Financial and Lubeck took possession and exercised control over the insurance proceeds and/or Plaintiffs' interests in the insurance policy, without Plaintiffs' authorization or consent, and without legal justification.

## COUNT VI
### Bad Faith 42 Pa.C.S.A. § 8371, et seq.
*(Plaintiffs v. GALIC, First Colony and Genworth)*

59. Plaintiffs incorporate by reference paragraphs 1 through 58 above as if same was fully set forth at length herein.

60. The aforesaid actions and/or omissions of Defendants constitute bad faith pursuant to 42 P.A.C.S.A. §8371, et seq.

61. Defendants GALIC, First Colony and Genworth are "insurers" pursuant to 42 P.A.C.S.A. §8371, et seq.

62. Defendants' bad faith includes the aforesaid (incorporated by reference), but is additionally not limited to:

   a. Refusing to accept coverage for Plaintiffs' claim when it knew or should have known that the claim was covered under and pursuant to the life insurance policy;

   b. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation based upon available and related information;

   c. Accepting, preparing, processing the Policy Change Form, identified as Exhibit C, without performing adequate investigation into the circumstances surrounding the submission of the policy change form;

   d. Dissolving the Plaintiffs' status as beneficiaries under the insurance policy, without any lawful or adequate justification;

   e. failing to verify that Plaintiffs were no longer beneficiaries to the life insurance policy and voiding Plaintiffs' status as beneficiaries to the insurance policy, at the direction and behest of Defendant Lubeck;

   f. establishing and exhibiting a pattern and practice of conduct benefiting the interests of Defendants to the detriment of Plaintiffs.

## COUNT VII
### Negligence
*(Plaintiffs v. GALIC, First Colony and Genworth)*

63. Plaintiffs incorporate by reference paragraphs 1 through 62 above as if same was fully set forth at length herein.

64. The aforesaid actions and/or omissions of Defendants constitute common law negligence.

65. Defendants' negligence includes the aforesaid (incorporated by reference), but is additionally not limited to:

    a. Refusing to accept coverage for Plaintiffs' claim when it knew or should have known that the claim was covered under and pursuant to the life insurance policy;

    b. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation based upon available and related information;

    c. Accepting, preparing, processing the Policy Change Form, identified as Exhibit C, without performing adequate investigation into the circumstances surrounding the submission of the policy change form;

    d. Dissolving the Plaintiffs' status as beneficiaries under the insurance policy, without any lawful or adequate justification;

    e. failing to verify that Plaintiffs were no longer beneficiaries to the life insurance policy and voiding Plaintiffs' status as beneficiaries to the insurance policy, at the direction and behest of Defendant Lubeck;

    f. establishing and exhibiting a pattern and practice of conduct benefiting the interests of Defendants to the detriment of Plaintiffs.

    g. All conduct identified above, concerning the transfer of the insurance policy benefits to Defendant Lubeck, when all parties knew or should have known that Plaintiffs were lawful beneficiaries to the insurance proceeds under the policy.

66. As a direct and proximate cause of the Defendants' negligence, Plaintiffs have been harmed as fully set forth above.

    **VI.   Prayer for Relief**

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment in their favor and against Defendants, jointly, severally and in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

a. Return of any money or property given to anyone, including Defendants, in connection with the transaction;
b. Damages, including;
    i. Actual damages;
    ii. Treble damages;
    iii. Attorneys fees and expenses, and costs of suit; and
    iv. Punitive Damages.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG
Attorney for Plaintiffs