UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN DOHERTY, individually & as : 
P/N/G of JACOB DOHERTY, & as :
executor/personal representative of the :
Estate of Judith Lubeck-Doherty :
: CIVIL ACTION NO.: 11-1513
v. :
:
FIRST COLONY LIFE :
INSURANCE COMPANY :
and :
:
GENWORTH LIFE and ANNUITY :
INSURANCE COMPANY :
and :
GREAT AMERICAN LIFE :
INSURANCE COMPANY :
and :
GLEN R. GOLISH :
and :
GOLISH FINANCIAL GROUP, LLC :
and :
JOSHUA LUBECK :

**ORDER**

This cause came to be heard upon the motion of Jeffrey R. Solar, Esquire, attorney for defendant, Joshua Lubeck, to dismiss this action for lack of jurisdiction of the person of the defendant.

It is hereby **ORDERED** that the motion be and is hereby **SUSTAINED** and that this action be and is hereby dismissed for lack of jurisdiction of the person of the defendant.

Dated this          day of          , 2011

Enter:

_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DOHERTY, individually & as P/N/G of JACOB DOHERTY, & as executor/personal representative of the Estate of Judith Lubeck-Doherty | : <br> : <br> : <br> : <br> :    CIVIL ACTION NO.: 11-1513 |
| v. | : |
| FIRST COLONY LIFE INSURANCE COMPANY <br> and <br> GENWORTH LIFE and ANNUITY INSURANCE COMPANY <br> and <br> GREAT AMERICAN LIFE INSURANCE COMPANY <br> and <br> GLEN R. GOLISH <br> and <br> GOLISH FINANCIAL GROUP, LLC <br> and <br> JOSHUA LUBECK | : <br><br> : <br><br><br> : <br><br> : <br><br> :    CIVIL ACTION COMPLAINT |

## MOTION TO DISMISS THE AMENDED COMPLAINT FOR LACK OF JURISDICTION OVER THE PERSON PURSUANT TO F.R.C.P. 12(b)(2)

Defendant, Joshua Lubeck, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, moves to dismiss the above cause for lack of jurisdiction over the person in that:

1. Defendant, at the time of his purported actions, was a resident of New Jersey, as shown in Exhibit "C" attached to plaintiffs' Complaint and in defendant's Affidavit attached hereto as Exhibit "A".

2. Defendant is an individual residing in New Jersey, as averred in paragraph sixteen (16) of plaintiffs' Complaint, and is not engaging in business, maintains no property and does not have an office or agent in Pennsylvania.

3. Any documents executed by the defendant and that are attached to Exhibit "C" of plaintiff's Complaint were as stated in the document signed in Linwood, New Jersey. In addition, defendant did not procure the death certificate attached in plaintiff's Exhibit "C" as can plainly be seen by the fact that the top of the death certificate states it was "from Stanford Lubeck".

4. The only new averment in the Amended Complaint concerning defendant, Lubeck is that plaintiff made a telephone call to the defendant after the policy was sold (paragraph 35) of the Amended Complaint. A telephone call initiated by the plaintiff to the defendant is not a sufficient contact conferring jurisdiction over plaintiff. In addition, the averments of paragraph 35 state that plaintiff's telephone inquiry took place after the policy was sold and therefore, after the alleged cause of action for fraud or conversion occurred.

WHEREFORE, defendant, Joshua Lubeck, respectfully prays that this Honorable Court dismiss the Complaint docketed above, as the court lacks personal jurisdiction of defendant.

_____
JEFFREY R. SOLAR, ESQUIRE
Attorney for Defendant
349 Bustleton Pike
Front Building
Feasterville, PA 19053
(215) 354-0501

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN DOHERTY, individually & as : 
P/N/G of JACOB DOHERTY, & as :
executor/personal representative of the :
Estate of Judith Lubeck-Doherty :
: CIVIL ACTION NO.: 11-1513
v. :
:
FIRST COLONY LIFE :
INSURANCE COMPANY :
and :
:
GENWORTH LIFE and ANNUITY :
INSURANCE COMPANY :
and :
GREAT AMERICAN LIFE :
INSURANCE COMPANY :
and :
GLEN R. GOLISH :
and :
GOLISH FINANCIAL GROUP, LLC :
and :
JOSHUA LUBECK :

## AFFIDAVIT OF JOSHUA LUBECK

I, Joshua D. Lubeck, defendant in the above matter swear and aver as follows:

(1)   My date of birth is June 8, 1971;

(2)   My Social Security Number is 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;

(3)   I am Executive Vice-President-Finance of Harrison Beverage Company, 6812 Delilah Road, Pleasantville, NJ and have been employed by the company for over fourteen (14) years;

(4)   I am a resident of 620 W. Vernon Avenue, Linwood, New Jersey 08221 for the past eleven (11) years;

EXHIBIT "A"

(5)   I do not own any businesses in the Commonwealth of Pennsylvania.

(6)   I did not procure the death certificate of my sister in plaintiff's Exhibit "C".

IN WITNESS WHEREOF and under the penalty of perjury I have signed my name below on the date below.

5/11/2011
DATE

_____
JOSHUA D. LUBECK

Sworn to and subscribed:

By me this 11 day:

Of May 20 11:

_____
Notary Public

BLEGINA DIMASHI
Notary Public - New Jersey
Atlantic County
My Commission Expires January 22, 2013

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DOHERTY, individually & as P/N/G of JACOB DOHERTY, & as executor/personal representative of the Estate of Judith Lubeck-Doherty | : <br> : <br> : <br> : <br> :    CIVIL ACTION NO.: 11-1513 <br> v.    : <br> FIRST COLONY LIFE INSURANCE COMPANY and <br> GENWORTH LIFE and ANNUITY INSURANCE COMPANY and <br> GREAT AMERICAN LIFE INSURANCE COMPANY and <br> GLEN R. GOLISH and <br> GOLISH FINANCIAL GROUP, LLC and    :    CIVIL ACTION COMPLAINT <br> JOSHUA LUBECK |

## MEMORANDUM OF LAW

**FACTS:**

The instant case, per the plaintiffs' Complaint involves an alleged wrongful transfer of ownership of a life insurance policy and subsequent payment to defendant of the proceeds.

As stated in plaintiffs' Complaint and all Exhibits attached thereto, defendant, Joshua Lubeck is an <u>individual</u> who resided in Linwood, New Jersey at all material times stated in the Complaint.

There are no averments that defendant, Joshua Lubeck owned a business, a residence or had any contacts with the Commonwealth of Pennsylvania that would bring him within the jurisdiction of the court.

In addition, a simple telephone call to defendant initiated by the plaintiff after the selling of the policy in question is an after the fact occurrence, after the alleged cause of action arose and does not constitute minimum contact.

Defendant avers in the Complaint that jurisdiction is conferred upon the court based on diversity.

**QUESTION PRESENTED:**

Does the court have personal jurisdiction over the defendant, Joshua Lubeck in the instant matter.

**SUGGESTED ANSWER:**

No.

**CASE LAW:**

First the defendant must have constitutionally sufficient "minimum contacts" with the forum to grant jurisdiction to a court in a matter where jurisdiction is alleged due to diversity. Aircraft Guaranty Corporation v. Strato-Lift, Inc., 974 F.Supp. 468 471 (E.D.Pa.1997). The determination of whether minimum contacts exist requires an examination of the relationship among the forum, the defendant and the litigation, Shaffer v. Heitner, 433 U.S. 2569, 2579, 53 L.Ed.2d 683 (1977) in order to determine whether the defendant has purposefully directed activities toward residents of the forum.

There must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws. Hanson v. Denckla, 357 U.S. 235, 253 (78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

In order to count for specific jurisdiction purposes the cause of action must arise out of or relate to the defendant contacts with the forum. Aircraft Guaranty Corp. at 472 quoting Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, at 414, 104 S.Ct. 1868 at 1872 n. 8, 80 Ed.2d 404 (1984).

Second, if minimum contacts' are shown, jurisdiction may be exercised where the court determines that to do so would comport with traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In this case defendant, Lubeck does not have minimum contacts with the Commonwealth of Pennsylvania.

WHEREFORE, defendant, Joshua Lubeck, respectfully requests that this Honorable Court, not having personal jurisdiction over this defendant dismiss the Complaint as to him.

_____
JEFFREY R. SOLAR, ESQUIRE
Attorney for Defendant, Joshua Lubeck

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DOHERTY, individually & as P/N/G of JACOB DOHERTY, & as executor/personal representative of the Estate of Judith Lubeck-Doherty : : : : : v. : : FIRST COLONY LIFE : INSURANCE COMPANY : and : : GENWORTH LIFE and ANNUITY : INSURANCE COMPANY : and : GREAT AMERICAN LIFE : INSURANCE COMPANY : and : GLEN R. GOLISH : and : GOLISH FINANCIAL GROUP, LLC : and : JOSHUA LUBECK : | CIVIL ACTION NO.: 11-1513<br><br><br><br><br><br><br><br><br><br>CIVIL ACTION COMPLAINT |

## CERTIFICATION OF SERVICE

I, Jeffrey R. Solar, Esquire, hereby certifies that on the 11th day of May, 2011, I served Defendant's Motion to Dismiss upon Plaintiffs' attorney, Matthew B. Weisberg, Esquire by regular U.S. First Class Mail.

_____
JEFFREY R. SOLAR, ESQUIRE
Attorney for Defendant,
Joshua Lubeck