IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DOHERTY, Individually, and as P/N/G of Jacob Doherty, and as Executor/ Personal Representative of the Estate of Judith Lubeck-Doherty,<br>    Plaintiff<br><br>        v.<br><br>FIRST COLONY LIFE INS. CO., GENWORTH LIFE AND ANNUITY INS. CO., GENERAL AMERICAN LIFE INS. CO., GLEN R. GOLISH, GOLISH FINANCIAL GROUP, LLC, and JOSHUA LUBECK,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 11-1513<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   ELECTRONICALLY FILED |

**DEFENDANTS FIRST COLONY LIFE INS. CO.'S
AND GENWORTH LIFE AND ANNUITY INS. CO.'S
<u>MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

Defendants FIRST COLONY LIFE INS. CO. and GENWORTH LIFE AND ANNUITY INS. CO., by their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Motion to Dismiss First Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and state the following in support thereof:

I.    <u>Nature of Claims</u>

    1.    In his First Amended Civil Action Complaint ("First Amended Complaint") (Doc. 18, 21), plaintiff Stephen Doherty, Individually, and as P/N/G of Jacob Doherty, and as

Executor/Personal Representative of the Estate of Judith Lubeck-Doherty ("Doherty") presents the following claims against defendants First Colony Life Ins. Co. ("First Colony") and Genworth Life and Annuity Ins. Co. ("Genworth") and certain other defendants:

    (a)    Count II (Breach of Contract/Warranty) based on alleged breaches of General American Life Insurance Co. Policy No. 3,902,165, attached as Exhibit A to the First Amended Complaint, and the covenant of good faith and fair dealing;

    (b)    Count IV (Breach of Fiduciary Duty) based on an alleged breach of fiduciary duty related to the alleged transfer of ownership and subsequent sale of General American Life Insurance Co. Policy No. 3,902,165, attached as Exhibit A to the First Amended Complaint;

    (c)    Count VI (Bad Faith Statute) based on alleged violations of 42 Pa.C.S.A. § 8371 as a result of the alleged acceptance, preparation and processing of a Policy Change Form, attached as Exhibit C to the First Amended Complaint with respect to General American Life Ins. Co. Policy No. 3,902,165, attached as Exhibit A to the First Amended Complaint, and dissolving and/or voiding Doherty's status as a beneficiary under General American Life Ins. Co. Policy No. 3,902,165 at the direction and behest of defendant Joshua Lubeck; and

    (d)    Count VII (Negligence) based on the same alleged actions related to General American Life Ins. Co. Policy No. 3,902,165, attached as Exhibit A to the First Amended Complaint, and the Policy Change Form, attached as Exhibit C to the First Amended Complaint, that are the subject of Count VI (Bad Faith Statute) to the detriment of Doherty's interest as an alleged beneficiary under General American Life Ins. Co. Policy No. 3,902,165.

2. All of these claims arise out of the alleged sale of General American Life Ins. Co. Policy No. 3,902,165 to a third party in 2005 -- four years before the death of the insured, Stanford Lubeck.  (First Amended Complaint, ¶ 24-27, 32, 34-35).

II.  Failure To State Claims Against First Colony
     And GLAIC Upon Which Relief Can Be Granted

3. The First Amended Complaint fails to state any claims against defendants First Colony and Genworth upon which relief can be granted for the following reasons:

   (a) all of the claims set forth in Count II (Breach of Contract/Warranty), Count IV (Breach of Fiduciary Duty), Count VI (Bad Faith) and Count VII (Negligence) of the Amended Complaint are barred as a matter of law because those claims are based upon General American Life Insurance Co. Policy No. 3,902,165, attached as Exhibit A to the First Amended Complaint, and that insurance policy was issued by defendant General American Life Ins. Co. of St. Louis, Missouri and not by First Colony or Genworth;

   (b) the claims set forth in Count II (Breach of Contract/Warranty) also are barred as a matter of law because Doherty is neither a party to, nor a third-party beneficiary of, the life insurance contract in any of his three capacities as plaintiff;

   (c) the claims set forth in Count IV (Breach of Fiduciary Duty) and Count VII (Negligence) also are barred as a matter of law by the gist of the action doctrine because those common law tort claims are dependent upon the terms of the life insurance contract;

   (d) the claims set forth in Count IV (Breach of Fiduciary Duty) also are barred as a matter of law because a life insurance company does not owe a fiduciary duty to beneficiaries under a life insurance policy; and

   (e) the claims set forth in Count VI (Bad Faith Statute) also are barred as a matter of law because Doherty does not have standing to bring a bad faith claim pursuant to 42 Pa.C.S.A. § 8371 and, in addition, Doherty's claims arise out of the sale of the life insurance policy to a third party in 2005 -- four years before the death of the insured -- and are not based on alleged improper claim handling.

(First Amended Complaint).

4. In addition, defendants First Colony and Genworth incorporate herein the content of their Brief in Support of Defendants First Colony Life Ins. Co.'s and Genworth Life and Annuity Ins. Co.'s Motion to Dismiss First Amended Complaint, filed contemporaneously with

this Motion to Dismiss, as grounds for dismissal of all claims against them set forth in the First Amended Complaint.

5. Accordingly, all claims against defendants First Colony and Genworth set forth in the First Amended Complaint should be dismissed, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, defendants First Colony Life Ins. Co. and Genworth Life and Annuity Ins. Co. respectfully request this Honorable Court to dismiss, with prejudice, all claims against them set forth in the First Amended Complaint.

                    Respectfully submitted,

                    s/ Roger H. Taft
                    Roger H. Taft
                    PA Bar 19983
                    MacDONALD, ILLIG, JONES & BRITTON LLP
                    100 State Street, Suite 700
                    Erie, Pennsylvania 16507-1459
                    (814) 870-7603
                    (814) 454-4647 (facsimile)
                    rtaft@mijb.com

                    Attorneys for Defendants First Colony Life Ins. Co.
                      and Genworth Life and Annuity Ins. Co.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2011, the foregoing Defendants First Colony Life Ins. Co.'s and Genworth Life and Annuity Ins. Co.'s Motion to Dismiss First Amended Complaint was filed electronically with the Clerk of Court using the Electronic Case Filing system. Notice of this filing will be sent to counsel for all parties who have appeared of record by operation of the Court's ECF system which constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Those parties may access this filing through the Court's ECF system.

In addition, a copy of Defendants First Colony Life Ins. Co.'s and Genworth Life and Annuity Ins. Co.'s Motion to Dismiss First Amended Complaint was sent to defendant General American Life Ins. Co. for which there is not yet any return of service of record, via First-Class United States Mail addressed as follows, this 23rd day of May, 2011:

>General American Life Ins. Co.
>200 Park Avenue
>New York, NY

>s/ Roger H. Taft
>Roger H. Taft, Esq.