IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN DOHERTY, Individually, and as | ) | |
| P/N/G of Jacob Doherty, and as Executor/ | ) | |
| Personal Representative of the Estate of | ) | |
| Judith Lubeck-Doherty, | ) | |
|     Plaintiff | ) | |
| | ) | |
|        v. | ) | CIVIL ACTION NO. 11-1513 |
| | ) | |
| FIRST COLONY LIFE INS. CO., | ) | |
| GENWORTH LIFE AND ANNUITY INS. | ) | |
| CO., GENERAL AMERICAN LIFE INS. | ) | |
| CO., GLEN R. GOLISH, GOLISH | ) | |
| FINANCIAL GROUP, LLC, and | ) | |
| JOSHUA LUBECK, | ) | |
|     Defendants | ) | ELECTRONICALLY FILED |

**BRIEF IN SUPPORT OF DEFENDANTS FIRST COLONY
LIFE INS. CO.'S AND GENWORTH LIFE AND ANNUITY INS.
CO.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

       Defendants FIRST COLONY LIFE INS. CO. and GENWORTH LIFE AND ANNUITY

INS. CO., by their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Brief in Support of

Defendants First Colony Life Ins. Co.'s and Genworth Life and Annuity Ins. Co.'s Motion to

Dismiss First Amended Complaint, pursuant to Rule 7.1(c) of the Local Rules of the United

States District Court for the Eastern District of Pennsylvania:

I.     Questions Presented

    A.     WHETHER ALL CLAIMS AGAINST FIRST COLONY LIFE INSURANCE CO. AND GENWORTH LIFE AND ANNUITY INSURANCE COMPANY MUST BE DISMISSED BECAUSE THE FIRST AMENDED COMPLAINT IS BASED ON A LIFE INSURANCE POLICY THAT WAS ISSUED BY GENERAL AMERICAN LIFE INSURANCE COMPANY -- A DIFFERENT, UNRELATED ENTITY.

    B.     WHETHER THE CLAIMS AGAINST FIRST COLONY LIFE INSURANCE CO. AND GENWORTH LIFE AND ANNUITY INSURANCE COMPANY IN COUNT II (BREACH OF CONTRACT/WARRANTY) OF THE FIRST AMENDED COMPLAINT ALSO ARE BARRED BECAUSE THE PLAINTIFF IS NEITHER A PARTY TO, NOR A THIRD-PARTY BENEFICIARY OF, THE LIFE INSURANCE POLICY AT ISSUE IN ANY OF HIS THREE CAPACITIES.

    C.     WHETHER THE CLAIMS AGAINST FIRST COLONY LIFE INSURANCE CO. AND GENWORTH LIFE AND ANNUITY INSURANCE COMPANY IN COUNT IV (BREACH OF FIDUCIARY DUTY) AND COUNT VII (NEGLIGENCE) OF THE FIRST AMENDED COMPLAINT ALSO ARE BARRED BY THE GIST OF ACTION DOCTRINE.

    D.     WHETHER THE CLAIMS AGAINST FIRST COLONY LIFE INSURANCE CO. AND GENWORTH LIFE AND ANNUITY INSURANCE COMPANY IN COUNT IV (BREACH OF FIDUCIARY DUTY) OF THE FIRST AMENDED COMPLAINT ALSO ARE BARRED BECAUSE A LIFE INSURANCE COMPANY DOES NOT OWE A FIDUCIARY DUTY TO BENEFICIARIES UNDER A LIFE INSURANCE POLICY.

    E.     WHETHER THE CLAIMS AGAINST FIRST COLONY LIFE INSURANCE CO. AND GENWORTH LIFE AND ANNUITY INSURANCE COMPANY IN COUNT VI (BAD FAITH STATUTE) OF THE FIRST AMENDED

COMPLAINT ALSO ARE BARRED BECAUSE: (1) THE PLAINTIFF DOES NOT HAVE STANDING TO BRING A CLAIM UNDER 42 PA.C.S.A § 8371; AND (2) THE PLAINTIFF'S CLAIM IS BASED ON THE ALLEGED SALE OF THE LIFE INSURANCE POLICY TO A THIRD PARTY IN 2005, RATHER THAN ON IMPROPER CLAIM HANDLING AFTER THE DEATH OF THE INSURED.

II.    Statement of Facts

A.    Nature of Claims

In his First Amended Civil Action Complaint ("First Amended Complaint") (Doc. 18, 21), plaintiff Stephen Doherty, Individually, and as P/N/G of Jacob Doherty, and as Executor/Personal Representative of the Estate of Judith Lubeck-Doherty ("Doherty") presents the following claims against defendants First Colony Life Ins. Co. ("First Colony") and Genworth Life and Annuity Ins. Co. ("Genworth") and certain other defendants:

(a)    Count II (Breach of Contract/Warranty) based on alleged breaches of General American Life Insurance Co. Policy No. 3,902,165, attached as Exhibit A to the First Amended Complaint, and the covenant of good faith and fair dealing;

(b)    Count IV (Breach of Fiduciary Duty) based on an alleged breach of fiduciary duty related to the alleged transfer of ownership and subsequent sale of General American Life Insurance Co. Policy No. 3,902,165, attached as Exhibit A to the First Amended Complaint;

(c)    Count VI (Bad Faith Statute) based on alleged violations of 42 Pa.C.S.A. § 8371 as a result of the alleged acceptance, preparation and processing of a Policy Change Form, attached as Exhibit C to the First Amended Complaint, with respect to General American Life Ins. Co. Policy No. 3,902,165, attached as Exhibit A to the First Amended Complaint, and dissolving and/or voiding

Doherty's status as a beneficiary under General American Life Ins. Co. Policy No. 3,902,165 at the direction and behest of defendant Joshua Lubeck; and

(d)     Count VII (Negligence) based on the same alleged actions related to General American Life Ins. Co. Policy No. 3,902,165, attached as Exhibit A to the First Amended Complaint, and the Policy Change Form, attached as Exhibit C to the First Amended Complaint, that are the subject of Count VI (Bad Faith Statute) to the detriment of Doherty's interest as an alleged beneficiary under General American Life Ins. Co. Policy No. 3,902,165.

(Amended Complaint, ¶ 1-66).

Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.  (First Amended Complaint, ¶ 2).[1]


B.     Facts Alleged in First Amended Complaint[2]


This civil action arises out of the sale of a life insurance policy in 2005 -- four years before the death of the insured, Stanford Lubeck.  (First Amended Complaint, ¶ 32, 34-35).

Doherty, a resident of Doylestown, Pennsylvania, filed the First Amended Complaint in three capacities -- individually; as parent and natural guardian of Jacob Doherty, a minor; and as executor/personal representative of the Estate of Judith Lubeck-Doherty.[3]  (First Amended Complaint, ¶ 4-6).   The First Amended Complaint identifies First Colony as a Virginia

---

[1]     The substantive law of Pennsylvania applies to Doherty's claims given that this Honorable Court is exercising diversity of citizenship jurisdiction.  Chamberlain v. Giampapa, 210 F.3d 154, 158-159 (3d Cir. 2000), citing Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938).

[2]     These "facts" are based upon Doherty's allegations set forth in the First Amended Complaint except where there is a disparity between the pleading and the documents that Doherty has attached as exhibits, in which case the written documents control.  ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 n.8 (3d Cir. 1994); GE Capital Mortgage Services, Inc. v. Pinnacle Mortgage Investment Corp., 897 F. Supp. 854, 868 (E.D. Pa. 1995).

[3]     According to the Certificate of Death, attached as part of Exhibit C to the First Amended Complaint, Judith Lubeck-Doherty died on October 12, 2001, at her residence in Doylestown, Pennsylvania.  (First Amended Complaint, Ex. C).

corporation with its principal place of business at 700 Main Street, Lynchburg, Virginia 24505, and Genworth as a Virginia corporation with its principal place of business at 6620 West Broad Street, Richmond, Virginia 23230.  (Amended Complaint, ¶ 7-8).  Doherty alleges that as of January 1, 2009, Genworth merged with First Colony.  (First Amended Complaint, ¶ 9).

All of Doherty's claims are based upon General American Life Insurance Co. Policy No. 3,902,165 ("General American Life Insurance Policy"), issued on May 12, 1988, by defendant General American Life Insurance Company ("General American").  (First Amended Complaint, ¶ 11, 19 and Ex. A).  The First Amended Complaint identifies General American as a New York corporation with its principal place of business at 200 Park Avenue, New York, New York.  (First Amended Complaint, ¶ 10).  According to the General American Life Insurance Policy, General American is a mutual company located in St. Louis, Missouri.  (First Amended Complaint, Ex. A).  Neither First Colony nor Genworth issued the General American Life Insurance Policy ,and there is no reference whatsoever to the General American Life Insurance Policy in the Policy Change Form, attached as Exhibit C to the First Amended Complaint, that Doherty contends adversely affected his interest as a beneficiary under the policy.   (First Amended Complaint and Ex. A, C).

The General American Life Insurance Policy insured the life of Stanford E. Lubeck who then resided in Yardley, Pennsylvania; the owner of the policy was the insured, Stanford E. Lubeck; and the beneficiary of the policy was the Fidelity Bank of Philadelphia, Trustee for Written Trust dated June 12, 1985.  (First Amended Complaint, Ex. A at Face Page, Policy Specifications, Application Part I and Supplemental Agreement: The Beneficiary - The Owner). Neither Doherty nor his deceased wife, Judith Lubeck-Doherty, was a beneficiary of the General

American Life Insurance Policy.  (First Amended Complaint, Ex. A).  Although Doherty alleges that First Colony and Genworth Life "derived revenue" from the General American Life Insurance Policy and "acquired an interest" in that policy based on the Policy Change Form that Doherty attached as Exhibit C to the First Amended Complaint, that Change Form refers to a different policy -- Policy No. 2880973 -- and not to the General American Life Insurance Policy. (First Amended Complaint, ¶ 12-13 and Ex. C).

Doherty alleges that his wife, Judith Lubeck-Doherty, died on October 12, 2001.  (First Amended Complaint, ¶ 21).  Doherty further alleges that under her Last Will and Testament, Judith Lubeck-Doherty bequeathed all of her assets to the plaintiffs and that her interest as a beneficiary under the General American Life Insurance Policy transferred to plaintiffs.  (First Amended Complaint, ¶ 23-23).  Judith Lubeck-Doherty, however, was not named as a beneficiary of that life insurance policy and, therefore, there was no beneficiary interest under the policy to be transferred.  (First Amended Complaint, Ex. A).

Doherty claims that in May 2005, defendant Glen R. Golish contacted Doherty and advised him that Stanford Lubeck and defendant Joshua Lubeck -- the brother of Judith Lubeck-Doherty -- were planning to liquidate the proceeds of the General American Life Insurance Policy; that they needed Doherty's authorization to do so because of his beneficiary status under the policy; and that if Doherty failed to sign the authorization, the policy may lapse and essentially lose all of its value.  (First Amended Complaint, ¶ 24, 27).  Doherty also alleges that he never signed any authorization to liquidate the General American Life Insurance Policy. (First Amended Complaint, ¶ 28).

Doherty alleges that Stanford Lubeck died on or about May 11, 2009.  (First Amended Complaint, ¶ 32).  Doherty asserts that during 2004 -- five years before Stanford Lubeck's death -- Joshua Lubeck, General American, First Colony and Genworth improperly transferred ownership of the General American Life Insurance Policy to Joshua Lubeck.  (First Amended Complaint, ¶ 30, 36, 38-39).  Doherty further alleges that after he learned that the death benefits under the General American Life Insurance Policy had not been paid to the Estate of Judith Lubeck-Doherty, as beneficiary, he asked Joshua Lubeck about the status of the policy and was told by Joshua Lubeck that the policy had been sold to a third party.  (First Amended Complaint, ¶ 34-35).

III.   <u>Argument</u>

      A.   ALL CLAIMS AGAINST FIRST COLONY LIFE INSURANCE CO. AND GENWORTH LIFE AND ANNUITY INSURANCE COMPANY MUST BE DISMISSED BECAUSE THE FIRST AMENDED COMPLAINT IS BASED ON A LIFE INSURANCE POLICY THAT WAS ISSUED BY GENERAL AMERICAN LIFE INSURANCE COMPANY -- A DIFFERENT, UNRELATED ENTITY.

All of the claims in the First Amended Complaint are based upon the General American Life Insurance Policy which Doherty attached as Exhibit A to the First Amended Complaint. Given that the General American Life Insurance Policy was issued by General American of St. Louis, Missouri, rather by either First Colony or Genworth which have no relationship to General American, and that the Policy Change Form, attached as Exhibit C to the First Amended

Complaint, refers to a different policy, all claims against First Colony and Genworth in the civil action must be dismissed.

All of the claims set forth in the First Amended Complaint are based on the General American Life Insurance Policy.  More specifically, in Paragraph 11 of the First Amended Complaint, Doherty states:

> 11.    At all times material, Defendant, General American Life Insurance Company ("GALIC") issued a life insurance policy which is the subject matter of Plaintiffs' claims as more specifically described below.

(First Amended Complaint, ¶ 11).

Under Rule 10(c) of the Federal Rules of Civil Procedure, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed.R.Civ.P. 10(c).  It is well-established that when a writing is attached to a Complaint, the Court may consider its contents in deciding a Rule 12(b)(6) motion to dismiss.  See, e.g., ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Compton v. Nat'l League of Professional Baseball Clubs, 995 F. Supp. 554, 558 (E.D. Pa.), aff'd, 172 F.3d 40 (3d Cir. 1998); GE Capital Mortgage Services, Inc. v. Pinnacle Mortgage Investment Corp., 897 F. Supp. 854, 867-868 (E.D. Pa. 1995).  Furthermore, where there is a disparity between a written instrument attached to a pleading and an allegation in the pleading based thereon, the written instrument will control. ALA, Inc., 29 F.3d at 859 n.8; GE Capital Mortgage Services, Inc., 897 F. Supp. at 868.

Neither First Colony nor Genworth issued the General American Life Insurance Policy upon which all of Doherty's claims are grounded.  Furthermore, the Policy Change Form that Doherty contends was improperly prepared, accepted and processed by First Colony and

Genworth relates to a different policy -- Policy No. 2880973 -- and not to the General American Life Insurance Policy.  (First Amended Complaint, Ex. C).

Simply put, First Colony and Genworth are strangers to the General American Life Insurance Policy, and Doherty's broad allegations to the contrary must yield to the facts evidenced by the written instruments that he attached as Exhibits A and C to the First Amended Complaint.  Accordingly, the First Amended Complaint fails to state any claims against First Colony or Genworth upon which relief can be granted and must be dismissed in its entirety as to them.

> B.   THE CLAIMS AGAINST FIRST COLONY LIFE INSURANCE CO. AND GENWORTH LIFE AND ANNUITY INSURANCE COMPANY IN COUNT II (BREACH OF CONTRACT/WARRANTY) OF THE FIRST AMENDED COMPLAINT ALSO ARE BARRED BECAUSE THE PLAINTIFF IS NEITHER A PARTY TO, NOR A THIRD-PARTY BENEFICIARY OF, THE LIFE INSURANCE POLICY AT ISSUE IN ANY OF HIS THREE CAPACITIES.

In Count II (Breach of Contract/Warranty) of the First Amended Complaint, Doherty presents claims of breach of contract and/or warranties and violation of the covenant of good faith and fair dealing against First Colony, Genworth and General American with respect to the General American Life Insurance Policy.  In addition to the grounds set forth in Section III.A of the Argument above, Count II (Breach of Contract/Warranty) must be dismissed as to First Colony and Genworth because Doherty was neither a party to, nor a third-party beneficiary of,

the General American Life Insurance Policy and, therefore, has no standing to present these claims.

A fundamental principle of contract law is that a party has no standing to pursue a breach of contract claim unless he is a party to the contract or has the status of a third-party beneficiary. Although Doherty contends that he was both a party to and a third-party beneficiary of the General American Life Insurance Policy, it is clear from the First Amended Complaint that he was neither.

The only parties to the General American Life Insurance Policy were Stanford E. Lubeck, the policyowner, and General American, the insurer.  (First Amended Complaint Ex. A).  As stated on the cover page of the policy:

> This policy is a legal contract between policyowner and General American.

(First Amended Complaint Ex. A).  The "Owner" of the policy is defined at Section 6.01 of the General American Life Insurance Policy which states, "[t]he original owner of this policy is as shown in the application."  (First Amended Complaint, Ex. A).  Section E.9 of the Application states that the owner of the policy is the "Insured" -- Stanford Lubeck.  (First Amended Complaint, Ex. A).  The Supplemental Agreement: The Beneficiary - The Owner also identifies Stanford E. Lubeck as the Owner.  (First Amended Complaint, Ex. A).

Doherty, moreover, is not a third-party beneficiary of the General American Life Insurance Policy in any of the three capacities in which he filed this civil action (i.e., individually; as parent and natural guardian of Jacob Doherty, a minor; and as executor/personal representative of the Estate of Judith Lubeck-Doherty).  Under Pennsylvania law, "in order for one to achieve third party beneficiary status, that party must show that *both* parties to the contract

so intended, and that such intent was within the parties' contemplation at the time the contract was formed."  Burks v. Federal Ins. Co., 883 A.2d 1086, 1088 (Pa. Super. 2005), allocatur denied, 589 Pa. 726, 909 A.2d 302 (2006).  In the context of a life insurance policy, a claimant does not have third-party beneficiary status where the parties to the contract expressly designated someone else as the named beneficiary.  Torchia v. Keystone Foods Corp., 635 A.2d 1082, 1086 (Pa. Super. 1993), allocatur denied, 537 Pa. 666, 664 A.2d 1203 (1994).

The General American Life Insurance Policy expressly designates The Fidelity Bank of Philadelphia, Trustee for Written Trust dated June 12, 1985, as the beneficiary.  (First Amended Complaint, Ex. A at Supplemental Agreement: The Beneficiary - The Owner).   Doherty, therefore, is not a third-party beneficiary of the contract.

Accordingly, Doherty has no standing to pursue the claims in Count II (Breach of Contract/Warranty) of the First Amended Complaint.   As a result, those claims must be dismissed as to First Colony and Genworth.

> C.  THE CLAIMS AGAINST FIRST COLONY LIFE INSURANCE CO. AND GENWORTH LIFE AND ANNUITY INSURANCE COMPANY IN COUNT IV (BREACH OF FIDUCIARY DUTY) AND COUNT VII (NEGLIGENCE) OF THE FIRST AMENDED COMPLAINT ALSO ARE BARRED BY THE GIST OF ACTION DOCTRINE.

In Count IV (Breach of Fiduciary Duty) and Count VII (Negligence) of the First Amended Complaint, Doherty presents common law tort claims against First Colony, Genworth and General American.  In addition to the reasons set forth in Section III.A of the Argument

above, Count IV (Breach of Fiduciary Duty) and Count VII (Negligence) must be dismissed as to First Colony and Genworth because these tort claims essentially flow from, or are inextricably entwined with, the contract that Doherty has identified as the source of his claims -- the General American Life Insurance Policy.  As a result, those claims are barred by the "gist of the action" doctrine.

Pennsylvania courts are very guarded about allowing a tort recovery based on a contractual breach, and the "gist of the action" doctrine is designed to maintain the conceptual distinction between breach of contract claims and tort claims.  See, e.g., Jones v. ABN Amro Mortgage Group, Inc., 606 F.3d 119, 123 (3d Cir. 2010); Fish Net, Inc. v. Profitcenter Software, Inc., 2011 U.S. Dist. LEXIS 35812, *11-12 (E.D. Pa. 2011); Kia v. Imaging Sciences Int'l, Inc., 735 F. Supp.2d 256, 271 (E.D. Pa. 2010).  More specifically:

> The gist of the action doctrine bars tort claims: (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of contract. *Hart v. Arnold, 2005 PA Super 328, 884 A.2d 316, 340 (Pa. Super. 2005).*

Fish Net, Inc., 2011 U.S. Dist. LEXIS 35812 at *12.

In determining whether the "gist of the action" doctrine applies, the court must determine whether the source of the duties allegedly breached were intertwined with obligations under the contract or were merely collateral thereto, and if a tort claim is inextricably intertwined with a failure to perform obligations under the contract, the tort claim is barred.  Wilmington Trust Co. v. County of Allegheny, 640 F. Supp.2d 643, 648 (W.D. Pa. 2009).  For example, the following types of tort claims were barred under the "gist of the action" doctrine when they arose out of, or were closely related to, a contract between the parties:

- Breach of Fiduciary Duty: <u>Nat'l Consumer Cooperative Bank v. Morgan Stanley & Co., Inc.</u>, 2010 U.S. Dist. LEXIS 107852, *21-24 (M.D. Pa. 2010); <u>Alpart v. General Land Partners, Inc.</u>, 574 F. Supp.2d 491, 499-500 (E.D. Pa. 2008)

- Negligence: <u>Nat'l Consumer Cooperative Bank v. Morgan Stanley & Co., Inc.</u>, 2010 U.S. Dist. LEXIS 107852, *21-24 (M.D. Pa. 2010); <u>Cimildoro v. Metropolitan Property & Cas. Ins. Co.</u>, 2010 U.S. Dist. LEXIS 22021, *7-9 (E.D. Pa. 2010)

- Negligent Misrepresentation: <u>Smith v. Lincoln Benefit Life Co.</u>, 2009 U.S. Dist. LEXIS 24941, *59-63 (W.D. Pa. 2009), <u>aff'd</u>, 2010 U.S. App. LEXIS 19980 (3d Cir. 2010)

In the present case, it is clear that the breach of fiduciary duty and negligence claims against First Colony and Genworth arise out of, and are inextricably intertwined with, the contract at issue -- the General American Life Insurance Policy.  Doherty asserts that the plaintiffs had certain rights as beneficiaries under the life insurance policy and that the policy was sold without the plaintiffs' authorization or consent.  These claims, therefore, are essentially contractual in nature and arise out of the provisions of the life insurance policy.  Accordingly, Count IV (Breach of Fiduciary Duty) and Count VII (Negligence) of the First Amended Complaint against First Colony and Genworth are barred by the "gist of the action" doctrine.

D.     THE   CLAIMS   AGAINST   FIRST   COLONY   LIFE
INSURANCE   CO.   AND   GENWORTH   LIFE   AND
ANNUITY  INSURANCE  COMPANY  IN  COUNT  IV
(BREACH   OF   FIDUCIARY   DUTY)   OF   THE   FIRST
AMENDED   COMPLAINT   ALSO   ARE   BARRED
BECAUSE  A  LIFE  INSURANCE  COMPANY  DOES
NOT OWE A FIDUCIARY DUTY TO BENEFICIARIES
UNDER A LIFE INSURANCE POLICY.

In Count IV (Breach of Fiduciary Duty) of the First Amended Complaint, Doherty claims

that First Colony, Genworth, and General American breached "fiduciary duties" to Doherty by

"failing to verify that Plaintiffs were no longer beneficiaries to the life insurance policy and

voiding Plaintiffs status as beneficiaries to the insurance policy at the direction and behest of

Defendant Lubeck."  (First Amended Complaint, ¶ 55).  In addition to the reasons set forth in

Sections III.A and III.C of the Argument above, Count IV (Breach of Fiduciary Duty) must be

dismissed as to First Colony and Genworth because life insurance companies do not owe a

fiduciary duty to beneficiaries of their policies.

In the First Amended Complaint, Doherty contends that the plaintiffs had the status of

"beneficiaries" of the General American Life Insurance Policy, pursuant to the Last Will and

Testament of his deceased wife, Judith Lubeck-Doherty.  (First Amended Complaint, ¶ 22-23,

33-34).  In Count IV (Breach of Fiduciary Duty), Doherty claims that First Colony and Genworth

"breached their fiduciary duties to Plaintiffs" with respect to his alleged beneficiary status.  (First

Amended Complaint, ¶ 55).

Under Pennsylvania law, the relationship between a life insurance company and a

beneficiary is solely a matter of contract, and the life insurance company has no fiduciary

obligation to the beneficiary.  See Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh,

776 F.2d 1174, 1177 (3d Cir. 1985); <u>Levin v. Transamerica Occidental Life Ins. Co.</u>, 2008 U.S.

Dist. LEXIS 66243, *13-14 and n.2 (E.D. Pa. 2008).  An insurance company assumes a fiduciary

duty only in the limited circumstance when it controls the defense of litigation against an insured

who is covered by the policy.  <u>Hayes v. American Int'l Group</u>, 2009 U.S. Dist. LEXIS 111397,

*19 (E.D. Pa. 2009); <u>Levin</u>, 2008 U.S. Dist. LEXIS 66243 at *13-14.  That situation clearly does

not exist with respect to a life insurance policy.

      Accordingly, even if First Colony or Genworth had issued the General American Life

Insurance Policy (which they did not) and even if Doherty in any of his three capacities was a

beneficiary under that policy (which he was not), there is no fiduciary duty owing to Doherty.

Count IV (Breach of Fiduciary Duty) of the First Amended Complaint, therefore, must be

dismissed as to First Colony and Genworth for this additional reason.

      E.    THE CLAIMS AGAINST FIRST COLONY LIFE INSURANCE CO. AND GENWORTH LIFE AND ANNUITY INSURANCE COMPANY IN COUNT VI (BAD FAITH STATUTE) OF THE FIRST AMENDED COMPLAINT ALSO ARE BARRED BECAUSE: (1) THE PLAINTIFF DOES NOT HAVE STANDING TO BRING A CLAIM UNDER 42 PA.C.S.A § 8371; AND (2) THE PLAINTIFF'S CLAIM IS BASED ON THE ALLEGED SALE OF THE LIFE INSURANCE POLICY TO A THIRD PARTY IN 2005, RATHER THAN ON IMPROPER CLAIM HANDLING AFTER THE DEATH OF THE INSURED.

      In Count VI (Bad Faith Statute) of the First Amended Complaint, Doherty presents a bad

faith claim against First Colony, Genworth and General American under 42 Pa.C.S.A. § 8371

with respect to the General American Life Insurance Policy.  In addition to the grounds set forth

in Section III.A of the Argument above, Count VI (Bad Faith Statute) must be dismissed as to

First Colony and Genworth because Doherty was not an "insured" with respect to the General

American Life Insurance Policy and, therefore, he has no standing to present a statutory bad faith

claim.   Furthermore, Doherty's bad faith claim is based on the alleged sale of the General

American Life Insurance Policy to a third party in 2005 -- four years before the death of Stanford

Lubeck -- and not on improper claim handling by First Colony and Genworth.

### 1.    Doherty Has No Standing To Bring A Bad Faith Claim

The Pennsylvania's bad faith statute provides:

> In an action arising under an insurance policy, <u>if the court finds that the
> insurer has acted in bad faith toward the insured</u>, the court may take all
> of the following actions:
>
> (1) Award interest on the amount of the claim from the date the
> claim was made by the insured in an amount equal to the prime rate of
> interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.
>
> [Emphasis added].

42 Pa.C.S.A. § 8371.  Although, Section 8371 does not define who is covered as an "insured,"

that term has been found to mean:

> The person who obtains or is otherwise covered by insurance on his
> health, life, or property.  The "insured" in a policy is not limited to the
> insured named in the policy, but applies to anyone who is insured under
> the policy.

<u>Klinger v. State Farm Mut. Auto. Ins. Co.</u>, 895 F. Supp. 709, 715 (M.D. Pa. 1995), <u>aff'd</u>, 115

F.3d 230 (3d Cir. 1997), citing <u>Black's Law Dictionary</u> 808 (6th ed. 1990).

Third parties have no standing to recover under Section 8371 unless they are insureds or beneficiaries of the insurance contract.  42 Pa.C.S.A. § 8371.  See, e.g., <u>Davin v. Davin</u>, 842 A.2d 469, 473 and n.3 (Pa. Super. 2004); <u>Fran & John's Doylestown Auto Ctr., Inc.</u>, 432 Pa. Super. 449, 455, 638 A.2d 1023, 1026 (1994); <u>Strutz v. State Farm Mut. Ins. Co.</u>, 415 Pa. Super. 371, 374, 609 A.2d 569, 570-571, <u>allocatur denied</u>, 532 Pa. 657, 615 A.2d 1313 (1992).  As stated in <u>Smith v. Lincoln Benefit Life Co.</u>, 2009 U.S. Dist. LEXIS 24941 *57 (W.D. Pa. 2009), <u>aff'd</u>, 395 Fed. Appx. 821 (3d Cir. 2010), in order to state a statutory bad faith claim under Section 8371, "there must be a contractual relationship between the parties."

As discussed in Section III.C of the Argument above, the only parties to the General American Life Insurance Policy were Stanford E. Lubeck, the policyowner, and General American Life Insurance Company, the insurer.   (First Amended Complaint, Ex. A).  Furthermore, the General American Life Insurance Policy expressly designates The Fidelity Bank of Philadelphia, Trustees for Written Trust dated June 12, 1985, as the beneficiary.  (First Amended Complaint, Ex. A at Supplemental Agreement:  The Beneficiary -- The Owner).  Neither Doherty nor his deceased wife, Judith Lubeck-Doherty, was a beneficiary of the General American Life Insurance Policy and, therefore, there was no "beneficiary" status to be transferred to Doherty as part of the Estate of Judith Lubeck-Doherty.  Because Doherty is neither an "insured" nor a beneficiary of the General American Life Insurance Policy, he has no standing to pursue the claims in Count VI (Bad Faith Statute) of the First Amended Complaint.

2.      Doherty's Claim Is Based On The Alleged Sale Of The
Policy Four Years Prior To The Death Of Stanford Lubeck

An additional basis for dismissal of Count VI (Bad Faith Statute) of the First Amended

Complaint as to First Colony and Genworth is that 42 Pa.C.S.A. § 8371 applies only to an

insurer's bad faith handling of a claim under an insurance policy.  Johnson v. State Farm Ins. Co.,

695 F. Supp.2d 201, 214-215 (W.D. Pa. 2010), citing Toy v. Metropolitan Life Ins. Co., 928

A.2d 186, 200 (Pa. 2007).  In Toy, the Pennsylvania Supreme Court conducted a detailed review

of the history of "bad faith" claims in Pennsylvania and the subsequent enactment of Section

8371 in the context of a lawsuit in which the plaintiff claimed that Metropolitan Life Insurance

Company induced her to purchase a life insurance policy through a misleading marketing scheme

and then ruled that Section 8371 is limited to claims that an insured failed to perform its

contractual obligations of defense or payment of a loss and not to other types of claims that may

relate in other ways to the insurance policy such as unfair or deceptive practices in soliciting the

purchase of the policy.  Toy, 593 Pa. at 26-27, 41-42, 928 A.2d at 190, 199-200.  Similarly, in

Johnson, the United States District Court for the Western District of Pennsylvania dismissed a

bad faith claim under Section 8371 because the claim was based on the purchase of the insurance

policy and not the manner in which a claim under the policy was handled.  Johnson, 695 F. Supp.

at 214-215.

Toy and Johnson, therefore, make clear that not every claim related to an insurance policy

is covered by Section 8371.  Rather, only those causes of action that are based on improper claim

handling fall within the scope of the bad faith statute.

In the present case, Doherty's statutory bad faith claim is based upon First Colony and

Genworth's alleged acceptance, preparation and processing of the Policy Change Form and the

subsequent sale of the General American Life Insurance Policy to a third party in 2005 -- four years before Stanford Lubeck died.  Doherty contends that those actions adversely affected his alleged status as a beneficiary.[4]

Simply put, the claims in Count VI (Bad Faith Statutory) are not based on improper claim handling by First Colony and Genworth.  Count VI (Bad Faith Statute) of the First Amended Complaint, therefore, must be dismissed for this additional reason.


IV.     Conclusion


Wherefore, defendants First Colony Life Ins. Co. and Genworth Life and Annuity Ins. Co. respectfully request this Honorable Court to dismiss, with prejudice, all claims against them set forth in the First Amended Complaint.

---

[4]    Although Doherty gratuitously states in Paragraph 65 of the First Amended Complaint that the alleged bad faith included "refusing to accept coverage" and "refusing to pay Plaintiffs' claims without conducting a reasonable investigation," these assertions apply to liability insurance policies and/or otherwise are not supported by the factual allegations of the First Amended Complaint which are grounded on the alleged improper transfer and sale of the General American Life Insurance Policy to a third party in 2005 -- not the failure to pay death benefits in accordance with the policy provisions after the death of Stanford Lubeck.

Respectfully submitted,


_____ s/ Roger H. Taft _____
Roger H. Taft
PA Bar 19983
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7603
(814) 454-4647 (facsimile)
rtaft@mijb.com

Attorneys for Defendants First Colony Life Ins. Co.
   and Genworth Life and Annuity Ins. Co.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2011, the foregoing Brief in Support of Defendants First Colony Life Ins. Co.'s and Genworth Life and Annuity Ins. Co.'s Motion to Dismiss First Amended Complaint was filed electronically with the Clerk of Court using the Electronic Case Filing system.  Notice of this filing will be sent to counsel for all parties who have appeared of record by operation of the Court's ECF system which constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  Those parties may access this filing through the Court's ECF system.

In addition, a copy of Defendants First Colony Life Ins. Co.'s and Genworth Life and Annuity Ins. Co.'s Motion to Dismiss First Amended Complaint was sent to defendant General American Life Ins. Co. the following party which has not yet been served of record, via First-Class United States Mail addressed as follows, this 23rd day of May, 2011:

> General American Life Ins. Co.
> 200 Park Avenue
> New York, NY

s/ Roger H. Taft
_____
Roger H. Taft, Esq.
