UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DOHERTY, individually and as P/N/G of Jacob, Doherty | : |
| Plaintiff, | : |
| v. | |
| FIRST COLONY LIKE INSURANCE CO. et al., | : Civil Action No.: 11-cv-1513 |
| Defendants. | : |

## PLAINTIFF'S RESPONSE TO
## MOTION TO DISMISS OF JOSHUA LUBECK

1. Admitted.

2. Admitted.

3. Denied. Plaintiff's amended complaint speaks for itself in its entirety.

4. Admitted in part, denied in part. Admitted that the cited allegation is the only new averment as to defendant Lubeck. It is denied that this fact is dispositive of the issue of this Court's personal jurisdiction over defendant.

Dated: June 1, 2011

RC 935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200

Matthew Weisberg, Esquire
WEISBERG LAW, P.C.
Pa. Id. No. 85570
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN DOHERTY, individually and as P/N/G of Jacob Doherty | : |
| Plaintiff, | : |
| v. | |
| FIRST COLONY LIKE INSURANCE CO. et al., | : Civil Action No.: 11-cv-1513 |
| Defendants. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT LUBECK'S MOTION TO DISMISS AND
COUNTER MOTION TO, IN THE ALTERNATIVE, TRANSFER CASE**

Defendant Joshua Lubeck, has filed a motion to dismiss disputing personal jurisdiction over him by this Court under the allegations of the Complaint. Plaintiff, by and through his attorneys, Matthew B. Weisberg and Robert P. Cocco, files this Response in opposition to defendant Joshua Lubeck's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), or, in the alternative to transfer the case matter to the Federal District Court of New Jersey. In support thereof, plaintiff avers as follows:

**I.    FACTS**

Plaintiff has alleged, relevant to Defendant's Motion, that he rejected Lubeck's attempt through his agent, Golish, to gain plaintiff's consent to sell the subject life insurance policy, FAC ¶¶24-25 and thereafter Lubeck secured a death certificate to, combined with the acts or omissions of other defendants, defraud plaintiff by selling the policy without plaintiff's required authorization, FAC ¶¶29, 36-37.

Defendant Lubeck attaches an affidavit in support of his Motion which ignores the extensive contact plaintiff has had with the jurisdiction of Pennsylvania visiting plaintiff's family over a period of four (4) years by focusing solely on the absence of his business contacts with this jurisdiction. As indicated in plaintiff's affidavit, defendant

2

Lubeck had consistent contact with this jurisdiction during said time period. As discussed in plaintiff's memorandum of law below, these contacts are not even determinative of the issue of personal jurisdiction in this matter.

## II.   LEGAL STANDARD

1. <u>Motion to Dismiss:  *Fowler* re *Twombly* and *Iqbal*</u>

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in <u>Twombly</u> and <u>Iqbal</u> (in accord with <u>Phillips</u>) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Fowler v. UPML Shadyside</u> - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1955 (2009)); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (C.A.3 2008).

<u>Fowler</u> reiterated the appropriate Motion to Dismiss standard, as elucidated in <u>Phillips</u>, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, <u>under **any** reasonable reading of the Complaint</u>, the plaintiff *may* be entitled to relief."  <u>Fowler</u>, supra (quoting <u>Phillips</u>, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims." <u>Fowler</u> (citing <u>Twombly</u>, at 564, n.8).

"Even post-<u>Twombly</u>, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations

3

that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234.  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969).  In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief).  *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim."  Fowler, supra "…[S]tandards of pleadings are not the same as standards of proof."  Id.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely."  Id. (quoting Twombly, at 556).

2. Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected.  Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, supra. ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added). The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, *even if not requested*. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time). "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Id.

3.  Jurisdiction

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

5

remaining state-law claims"); *see also,* Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court.  Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

Conclusion:  Standard

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied.  In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.  Otherwise, state law claims should be dismissed without prejudice to the state court.

**III.   ARGUMENT**

**A.  Personal Jurisdiction Exists over Defendant Lubeck**

Courts of this circuit recognize that personal jurisdiction over a defendant can be general or specific in nature.  General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state and exists *whether or not the cause of action is related to a defendant's activities in the forum state* [emphasis added].  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 & n.8 (1984).  The competing affidavits of Lubeck and Doherty (attached to this motion as Ex. "A") are facts to be considered in support of general jurisdiction. As related in plaintiff's affidavit, Defendant Lubeck has, over at least a four (4) year period of time, maintained systematic and continuous contacts with the

Pennsylvania jurisdiction through contact with plaintiff's family and otherwise as described therein.

To the extent that the issue of personal jurisdiction over defendant Lubeck is uncertain based on the facts at hand, plaintiff suggests defendant's 12 (b)(6) motion is premature and should be dismissed at least until limited discovery of a deposition of Lubeck can be engaged in with regards to this factual dispute.

### B. In the Alternative this Matter Should be Transferred to New Jersey District Court

Should the court find itself lacking personal jurisdiction over defendant Lubeck based on the foregoing, plaintiff respectfully moves the court in the alternative to transfer venue in this matter to the New Jersey District Court, under 28 U.S.C. § 1404, the latter stating in relevant part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

## III.   CONCLUSION

Defendant's contacts are sufficient to confer jurisdiction under the general jurisdiction test recognized by this circuit. Lubeck has systematically, continually and willfully availed himself of the benefits of the Pennsylvania jurisdiction and it does not serve fairness or justice to allow him to reject same in this context. To the extent the Court finds that the competing affidavits of plaintiff and defendant Lubeck raise issues of fact, the motion to dismiss is premature and should either be dismissed or considered

after granting plaintiff permission to depose defendant Lubeck to resolve this fact conflict. Finally, to the extent that the Court finds personal jurisdiction lacking over defendant Lubeck, plaintiff moves this honorable Court to transfer venue over this case to the federal District of New Jersey.

Dated: June 1, 2011

<u>RC 935</u>
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(216) 351-0200

Matthew Weisberg, Esquire
WEISBERG LAW, P.C.
Pa. Id. No. 85570
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801
Attorneys for Plaintiff

Certificate of Service

I, Robert P. Cocco, counsel for Plaintiff, hereby certify that I filed the foregoing Motion Response and Counter Motion electronically and that all parties have been served via ECF email.

Dated:   June 1, 2011                               /s/ Robert P. Cocco