**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| Stephen Doherty, individually & as | : | |
| P/N/G of Jacob Doherty, | : | |
| & as executor/personal representative | : | |
| of the Estate of Judith Lubeck-Doherty | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO.:  11-1513 |
| v. | : | |
| | : | |
| First Colony Life Ins. Co. et al. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS OF**
**DEFENDANTS FIRST COLONY AND GENWORTH TO**
**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff requests this Honorable Court deny the Motion to Dismiss Plaintiffs' Amended Complaint filed by the above titled defendants.  Plaintiff responsively avers:

**I.     Facts Pleaded**

Plaintiffs have alleged that a General American policy of insurance is in dispute because said policy, attached as Am. Compl. Ex. "A", is the only life insurance policy issued to his father-in-law delivered to plaintiff Doherty by defendant Lubeck and therefore presumed, on a *prima facie* basis, to be the policy which is the subject of August, 2005 letters from First Colony answering defendant Lubeck's attempts to sell the father-in-law's life policy (see said August, 2005 letters included in Am. Compl. Ex. "B"). To the extent there is factual information conflicting with the General American policy being the same policy the subject of said August, 2005 letters, plaintiff's co-counsel in good faith telephoned Movant's counsel, Roger Taft, on May 24, 2011, to gain clarification from him as to this factual issue. Mr. Taft's response by telephone message was to decline discussion of the issues outside the context of the current motion despite

having pre-litigation engaged in such discussion without conclusion, see Motion Ex. "A" letter attached hereto in which plaintiff's counsel  provided to attorney Taft the decedent wife's Will as requested.

In the aforesaid August, 2005 letters from Movants, Movants address Defendant Lubeck and the plaintiff estate as "Policy Owners", not just beneficiaries.

II.   **Standard of Law under FRCP 12(b)(6) Generally: Motion to Dismiss should be Denied for Failure to Meet its Burden.**

A.   Motion to Dismiss:  _Fowler_ re _Twombly_ and _Iqbal_

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in Twombly and Iqbal (in accord with Phillips) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPML Shadyside - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1955 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 230 (C.A.3 2008).

Fowler reiterated the appropriate Motion to Dismiss standard, as elucidated in Phillips, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff _may_ be entitled to relief."  Fowler, supra (quoting Phillips, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims." Fowler (citing Twombly, at 564, n.8).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, supra "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

B.  Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a

complaint that is merely deficient. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); <u>Fowler</u>, supra. ("we note that the District Court <u>inexplicably</u> foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added).  The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, ***even if not requested***. <u>Adams v Gould, Inc.</u>, 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); <u>Arthur V. Maersk, Inc.</u>, 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time). "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. <u>Id.</u>

C. <u>Jurisdiction</u>

Supplemental jurisdiction "**<u>must</u>**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience,

fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also,* <u>Annulli v. Panikkar</u>, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court.  <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943); <u>Louisiana Power & Light Co. v. City of Thibodaux</u>, 360 U.S. 25 (1959).

<u>Conclusion:  Standard</u>

When applying the correct standard, Plaintiff's Amended Complaint is sufficiently specific and Defendant's Motion should be denied.  In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

**III.   <u>Argument</u>**

**A. The Issue of Whether the General American Policy was the Subject Policy in Dispute is a Question of Fact**

Movants have admitted the plaintiff Estate was an owner of a policy it issued as referenced in the discussion herein of the August, 2005 letters from Movants.  Movants have chosen to make a fact issue of the policy in dispute by concealing the relationship between Movants and the General American policy and/or other undisclosed policy referenced in the aforesaid August letters rather than informally resolve such issues in good faith pre-litigation.  Movants should not, at this pre-discovery stage, be permitted to exploit a fact issue created by defendant Lubeck's alleged fraud and furthered by Movants' described acts to conceal their role in depriving the plaintiffs of a rightful claim on the subject insurance policy.

### B.  Plaintiffs' Status as Owner, Beneficiary, or Third Party Beneficiary of the Subject Insurance Policies are Questions of Fact

For the reasons discussed above in Section A., plaintiffs' status with regards to a policy in which the Estate plaintiff had at least an ownership interest is a fact question for discovery.

### C.  Plaintiffs' Breach of Fiduciary Duty and Negligence Counts Should Stand

As noted above, the terms of the policy applicable to this case matter are not currently clear. Pennsylvania courts limit a plaintiff's allegations to contract claims when "the parties' obligations are defined by the terms of the contract, and not by the larger social policies embodied in the law of torts." Bohler Uddeholm Am., 247 F.3d at 104 (quoting Bash, 601 A.2d at 830). To the extent that Movants are attempting to avoid their liability for wrongfully depriving plaintiffs' of their contract rights under a policy of insurance issued by or for which Movants are liable, then it remains a question of fact to be determined by discovery whether Movants duties to plaintiffs arise solely under the contract with regards to sale of the subject insurance policy.  As discussed, Movants have foregone the alternative of disclosing which policy is at issue pre-litigation.

### D.  Plaintiffs as Policy Owners May Assert Breach of Fiduciary Duty

As discussed above, plaintiffs were not merely or only beneficiaries of the disputed insurance policy but were, in fact, admitted by Movants to be part owners thereof with defendant Lubeck.  Accordingly, Movants' argument based on plaintiffs status otherwise cannot stand.

**E.  Plaintiffs' Breach of Fiduciary Duty and Negligence Counts Should Stand**

Plaintiffs agree that the Pennsylvania Supreme Court has held that § 8371 Bad Faith actions are limited to actions involving allegations that an insurer refused to pay the proceeds of a policy and that the Court found that the terms "arising under an insurance policy" contained in § 8371 had a peculiar and appropriate meaning that relates to "*the amount of the claim* from the date the claim was made by the insured." <u>Toy v. Metropolitan Life Ins. Co.,</u> 2007 Pa. LEXIS, 23. That is precisely what plaintiffs have alleged Movants have refused to do herein, pay the proper percentage proceeds to them as the policy's lawful part owners.  Plaintiffs made scu claim through counsel upon Movants in January, 2010 to pay the policy's value according to its ownership and beneficiary status pre-existing the alleged unauthorized and unlawful transfer of a 100% ownership interest to defendant Lubeck (see Ex. "A" hereto).

IV.   **CONCLUSION**

As evidenced by the partial recitation above, Plaintiff's Second Amended Complaint is pleaded with specificity as to Counts II and III against defendants Restoration America, Inc. and Partners In Charity, Inc.  Accordingly, Defendants' Motion must fail.

WHEREFORE, Plaintiffs request this Honorable Court deny the Motion to Dismiss Plaintiff's Amended Complaint of Defendants First Colony and Genworth. To the extent this Honorable Court entertains granting in any part Defendants' Motion, <u>Plaintiff requests leave to amend the current pleading to; 1) add allegations in the alternative as to the policy in dispute being other than the General American policy provided to plaintiffs by defendant Lubeck, and, 2) add allegations of plaintiffs' January,</u>

2010 claim upon Movants, made through counsel, to pay the policy proceeds to plaintiffs upon the terms pre-existing the alleged unlawful change of the policy's ownership.

Dated: June 13, 2011

/s/ RC935
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200

/s/ Matthew Weisberg, Esquire
WEISBERG LAW, P.C.
Pa. Id. No. 85570
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801
**Attorneys for Plaintiff**

<u>Certificate of Service</u>

I, Robert P. Cocco, counsel for Plaintiff, hereby certify that I filed the foregoing Response to Motion to Dismiss by Defendants First Colony and Genworth electronically and that all parties of record have been served via ECF email upon their counsel of record.

Dated: June 13, 2011                    <u>/s/ Robert P. Cocco</u>